**Leon STAMBLER, Plaintiff,**

**v.**

**RSA SECURITY, INC., Verisign, Inc., First Data Corporation, Omnisky Corporation, Defendants.**

**Civ.A. No. 01–065–SLR.**

United States District Court, D. Delaware.

Jan. 14, 2003.

Douglas E. Whitney, Maryellen Noreika, J.D. Pirnot, Philip Bangle, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for Plaintiff. Of Counsel: David S. Shrager, Shrager Spivey & Sachs, Philadelphia, PA.

Fredrick L. Cottrell, III, Richards Layton & Finger, P.A., Wilmington, DE. Of Counsel: William F. Lee, David B. Bassett, Donald R. Steinberg, Mark D. Selwyn, Hale and Dorr, L.L.P., Boston, MA. John D. Lanza, Kia L. Freeman,Testa, Hurwitz & Thibeault, L.L.P., Boston, MA, for Defendant RSA Security, Inc.

Steven J. Balick, John G. Day, Ashby & Geddes, Wilmington, DE. Of Counsel: Thomas W. Winland, Vincent P. Kovalick, Matthew DelGiorno, Finnegan, Henderson, Farabow, Garrett & Dunner L.L.P., Washington, D.C., for Defendant VeriSign, Inc.

William J. Marsden, Jr., Fish & Richardson P.C., Wilmington, DE. Of Counsel: Mathias W. Samuel, Fish & Richardson P.C., Minneapolis, MN. Lawrence Kolodney, Fish & Richardson P.C., Boston, MA, for Defendant First Data Corporation.

## MEMORANDUM OPINION

SUE L. ROBINSON, Chief Judge.

## I. INTRODUCTION

On February 2, 2001, plaintiff Leon Stambler ("Stambler") filed this action against defendants RSA Security, Inc. ("RSA Security"), Verisign, Inc. ("Verisign"), First Data Corporation ("First Data") and Omnisky Corporation ("Omnisky") alleging infringement of certain claims of United States Patent Nos. 5,793,302 (the " '302 patent"), 5,936,-541 (the " '541 patent") and 5,974,148 (the " '148 patent") (collectively, the "Stambler patents"). (D.I. 1)

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201(a). Currently before the court is plaintiff's motion to preclude First Data and Verisign from calling certain witnesses at trial. (D.I. 328) For the following reasons, the court shall grant plaintiff's motion.

## II. BACKGROUND

The Stambler patents, each entitled "Method for Securing Information Relevant to a Transaction," generally relate to a method of authenticating a transaction, document or party to the transaction using known encryption techniques. (D.I. 293, 294, 295) The patented methods enable parties to a transaction to assure the identity of an absent party and the accuracy of information involved in the transaction. (*Id.*) The patented methods thus provide for secure transactions and prevent fraud. (*Id.*)

## III. DISCUSSION

Plaintiff argues that nine witnesses should be precluded from testifying at trial due to defendants' belated disclosure of these fact witnesses. Defendants admit that these witnesses were disclosed after the close of fact discovery in the case, but urge the court not to preclude the witnesses from testifying at trial. Following oral argument, the parties represented that the court need only address the motion with regard to three of the witnesses: Mssrs. Kish, Connally and Kathol.[1]

In the Third Circuit, four factors must be considered when determining whether to exclude a witness from testifying: "(1) the prejudice or surprise in fact to the opposing party, (2) the ability of the party to cure the prejudice, (3) the extent of disruption of the orderly and efficient trial of the case, and (4) the bad faith or willfulness of the noncompliance." *Greate Bay Hotel & Casino v. Tose*, 34 F.3d 1227, 1236 (3d Cir.1994) (citing *Beissel v. Pittsburgh and Lake Erie R. Co.*, 801 F.2d 143, 150 (3d Cir.1986)).

There is no reason why defendants did not identify Mssrs. Kish, Connally and Kathol as fact witnesses during fact discovery. Plaintiff will clearly be prejudiced if these witnesses are permitted to now testify

---

1. Defendants intend to offer Mr. Kish to corroborate their expert's testimony regarding invalidity based on the STU–III prior art, Mr. Connally as further support for their defense to infringement under 28 U.S.C. § 1498(a), and Mr. Kathol to provide a history of First Data and its services.

regarding defenses to this action. Defendants have attempted to cure the prejudice by offering to allow plaintiff to depose the witnesses. This solution creates more problems than it solves. These witnesses are located throughout the United States. The nine "new" witnesses disclosed are located in at least six different states. The prejudice will only be increased if plaintiff is forced to depose these fact witness less than six weeks before trial.

Furthermore, allowing these witnesses to testify will disrupt the orderly and efficient resolution of this case. Two of these witnesses were identified in response to, or support of, summary judgment motions. Discovery has been closed for over four months. Presently, the court must address the seven pending summary judgment motions.

Allowing defendants to support their summary judgment positions with previously unidentified fact witnesses is clearly prejudicial to plaintiff. Defendants offer to allow depositions of these witness to cure this prejudice. However, re-opening the fact record through depositions at this late stage would impede the court's ability to manage its docket. First the fact record would be re-opened, and then the summary judgment briefs would need to be supplemented to account for the revised record. This is impractical (not to mention disorderly and inefficient) at this late stage. In every trial there comes a time when discovery must be closed for the issues to be resolved through summary judgment and/or trial. In the case at bar, that time has long since passed.

## IV. CONCLUSION

For the reasons stated, the court shall grant plaintiff's motion to preclude First Data and Verisign from calling Mssrs. Kish, Connally and Kathol as witnesses at trial.

